O’Neill, J.,
concurring in part and dissenting in part.
{¶ 97} The questions addressed by the majority and the dissent are significant, but I do not believe it is necessary to decide them in this case. Our previous remand order required the trial court to “afford Roberts her right to allocute, * * * personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03.” State v. Roberts, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 167. I believe that order was sufficient on its face, but .unfortunately it was not followed by the trial court.
{¶ 98} As Justice O’Donnell points out, a capital defendant’s statutory right to make an unsworn statement in mitigation under R.C. 2929.03(D)(1) is “ ‘not an allocution under the rule.’ ” (Emphasis deleted.) Dissenting opinion at ¶ 110, quoting State v. Campbell, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). And if *251 we were addressing this issue in the first instance, the dissent might well be correct in concluding that the defendant’s allocution “has no significance in establishing any mitigating factor.” Id. at ¶ 116. But our previous remand order was not limited to permitting allocution — it required the court to evaluate “any relevant mitigating evidence” and make its sentencing decisions “anew.” I would hold that the trial court failed to comply with this remand order in that it failed to accept and evaluate relevant mitigation evidence, including the unsworn statement offered by the defendant.
{¶ 99} Given the clear language in our prior mandate, the trial court clearly erred by refusing to accept the defendant’s evidence in mitigation. Even if I were to accept that the defendant had attempted to “update mitigation” with evidence of her good prison conduct and that such evidence was improper, majority opinion at ¶ 37, the trial court expressed no opinion on the relevance of that evidence and did not render a sentencing decision “anew” as directed. But I must also note that the majority’s characterization here is inaccurate. As the majority observes, the defendant proffered four items in mitigation, only one of which dealt with her conduct in prison. And it is apparent that even the defendant’s prison records, like her other proffered evidence, were submitted to demonstrate her continued mental illness, not her conduct. Moreover, as the majority itself recognizes, its analysis on this point is likely to be set aside by the federal courts on collateral review. See majority opinion at ¶ 31-33, citing Davis v. Coyle, 475 F.3d 761 (6th Cir.2007).
{¶ 100} Therefore, I concur in the court’s judgment vacating the death sentence and remanding this case for resentencing, but I dissent as to the limitations placed on that resentencing by the majority. The defendant should be permitted to offer a case in mitigation, in accordance with both our prior remand and the Sixth Circuit’s judgment in similar cases. And given both my opinion that capital punishment violates the Eighth Amendment to the Constitution of the United States and Article I, Section 9 of the Ohio Constitution, see State v. Wogenstahl, 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900, ¶ 2 (O’Neill, J., dissenting), and the fact that the record as currently constituted provides strong evidence of the defendant’s severe mental illness, I would hold that on remand the trial court is precluded from imposing the death penalty upon the defendant.